Homer Y. JONES et al., Appellants,

v.

Edward A. FITCH, Appellee.

No. 172.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 13, 1968.

Rehearing Denied Dec. 18, 1968.

H. W. Boerstler, Dillingham & Schleider, Houston, for appellants.

Wm. J. Kershner, Cauley & Kershner, Houston, for appellee.

SAM D. JOHNSON, Justice.

The issue here presented is one of jurisdiction. Specifically, the question is whether Harris County District Court or the Federal District (Bankruptcy) Court obtained jurisdiction under the following circumstances.

Appellants are Homer Y. Jones and Sky Lakes Development Company, Inc., who will hereafter be referred to as Jones. Appellee is Edward A. Fitch. Certain differences between appellant and appellee were settled on March 20, 1965, whereby Jones agreed to purchase Fitch's Cessna airplane by assuming Fitch's obligation to C.I.T. Corporation. Fitch remained jointly and severally liable to C.I.T., however.

Appellant Jones thereafter failed to make the installment payments as they became due and C.I.T. repossessed the airplane and sold it at public auction. This sale resulted in a $2,360.89 deficiency. C.I.T. Corporation then brought suit in the District Court of Harris County on November 27, 1965 against both appellants and appellee to recover the deficiency.

On December 29, 1965, and prior to service of citation of C.I.T. Corporation's original petition, appellant Jones filed his Petition for an Arrangement under Chapter XI of the Bankruptcy Act in the United States Federal District Court for the Southern District of Texas, (Bankruptcy Court) wherein the deficiency claimed by C.I.T. Corporation was scheduled as a debt by Jones to such corporation.

Thereafter, on January 3, 1966, appellee Fitch filed his original answer to the suit brought in the District Court of Harris County by C.I.T. Corporation and simultaneously filed a cross-action against Jones. Later, on January 26, 1966, appellant Jones was served the C.I.T. Corporation's citation and thereafter, on February 19, 1966, Jones filed his original answer thereto. Jones' answer contained notice of his previously filed petition in bankruptcy.

Thereafter, on April 4, 1966, three events occurred in the original action pending in the Harris County District Court. C.I.T. Corporation took a non-suit as to appellant Jones, C.I.T. Corporation obtained an agreed judgment as to appellee Fitch, and appellee Fitch's cross-action against appellant Jones was severed out. Later on in this same day, Fitch's cross-action and original answer was served on Jones.

On April 25, 1966, Jones filed a Special Appearance or plea to the jurisdiction of the court and alternatively an original answer to the severed cross-action of appellee Fitch. The plea was to the jurisdiction of the court and it not only challenged the jurisdiction of the Harris County District Court with reference to the cross-action but also again gave notice of the pending

action in the Bankruptcy Court. At trial, before the court without a jury, the court overruled appellant Jones' plea to the jurisdiction of the court and gave judgment to the appellee Fitch for $2,500.00 plus attorney's fees and court costs.

The initial point of error, with which we agree, is that the trial court erred in overruling appellant Jones' plea to the jurisdiction of the court because the Bankruptcy Court acquired prior exclusive jurisdiction of the parties and subject matter made the basis of appellee Fitch's cross-action. There are two reasons for this determination that are contradictory of the general principal that once a court of competent jurisdiction acquired jurisdiction, its authority continues until all matters, including cross-actions, have been finally adjudicated.

First no *in personam* jurisdiction of appellant Jones was acquired by the District Court of Harris County until after Jones had filed his Petition in Bankruptcy. It is to be recalled that though C.I.T. Corporation had filed its suit on November 27, 1965, no service of citation was made on Jones until January 26, 1966. Prior to such service, on December 29, 1965, Jones' petition in bankruptcy was filed. "Jurisdiction of the person of a defendant is acquired by service of such process as the law provides, or by his voluntary appearance, or by his waiver of service." Stanley v. Columbus State Bank, 258 S.W.2d 840, writ ref., n. r. e. The court there cites Glass v. Smith, 66 Tex. 548, 2 S.W. 195, 15 C.J., p. 786, Sec. 82; Walker v. Koger, 99 S.W.2d 1034, writ dismd.; Lipscomb v. McCart, Tex.Civ.App., 295 S.W. 245; Swartz v. Caudill, 279 Ky. 206, 130 S.W.2d 80. Absent service, the Harris County District Court did not obtain complete jurisdiction prior to the time the appellants placed the matter in the exclusive control of the Bankruptcy Court on December 29, 1965.

"The Bankruptcy Court has been held to be a court of exclusive and superior jurisdiction." In re Redwine (D.C.Ala.1944), 53 F.Supp. 249, and the Bankruptcy Court is of exclusive and superior jurisdiction and not a court of coordinate jurisdiction with the state court. Baker v. Gregory (C.C.A. Texas 1940), 111 F.2d 770; In re Howard Lanin Music Corp. (D.C.Pa.1937), 18 F. Supp. 883.

The second reason is founded on the non-suit and dismissal as to Jones that was taken by C.I.T. Corporation. This divested the Harris County District Court of whatever jurisdiction it had theretofore acquired until Fitch filed his cross-action and served Jones with citation thereof.

Both filing and service occurred after Jones had filed his Petition in Bankruptcy. "It is elementary that a dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." Crofts v. Court of Civil Appeals for Eighth Supreme Judicial District of Texas, (Tex.Sup. Ct.), 362 S.W.2d 101. See authorities there cited.

Appellee Fitch's cross-action is the suit in issue here. As to it, the Harris County District Court's jurisdiction was in no way invoked until it was filed. Both filing and service occurred after the Bankruptcy Petition had been filed.

The Bankruptcy Court acquired prior exclusive jurisdiction. In view of this determination the Harris County District Court was without jurisdiction and we therefore do not reach the remaining points of error. The judgment of the District Court is reversed and the action is dismissed.