Lester W. VANCE, Relator,

v.

The Honorable Mark DAVIDSON, Judge,
11th Judicial District Harris County,
Texas, Respondent.

No. 14–95–00648–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 20, 1995.

Thomas Scott Smith, Sherman, for relator.

James Conner Barber, Dallas, for respondent.

Before MURPHY, C.J., and AMIDEI and FOWLER, JJ.

## OPINION

FOWLER, Justice.

In this original proceeding, Lester W. Vance, relator, urges this court to issue a writ of mandamus to the 11th Judicial Dis-trict Court directing the Honorable Mark Davidson, respondent, to set aside a portion of the judgment signed June 5, 1995, entered in trial court cause number 93–021415, styled *Jimmie Lynn Garcia, Individually and As Next Friend for Jimmy F. Garcia, Jr., Christopher B. Garcia, Dustin Kyle Garcia, and Jeremy R. Garcia, minor children; Si-mon Garcia; and Estella Garcia v. Missouri Pacific Railroad Company, a Delaware cor-poration, d/b/a Union Pacific Railroad Com-pany, and Levorn J. Cellars.* Vance claims that the portion of the judgment relating to the payment of attorney referral fees is void. On June 23, 1995, we granted leave to file and set the case for argument on June 30, 1995. We now grant the writ without a prior conditional grant because the trial court's plenary jurisdiction has expired.

## THE ISSUE

At the outset we note that the only issue in this case is whether a trial court, in a lawsuit involving minor plaintiffs, may void or reform a lawyer's referral fee agreement when the court has no jurisdiction over one of the attorneys who is a party to the agreement. This case does not concern or abrogate the trial court's broad discretion to set attorney's fees in a case involving minor plaintiffs.

## FACTUAL AND PROCEDURAL BACKGROUND

Vance, a licensed attorney with a practice in Grayson County, was contacted by Ms. Jimmie Garcia concerning possible legal rep-resentation. Ms. Garcia was seeking repre-sentation because her husband and the father of her children was killed in a railroad acci-dent. Ms. Garcia sought to file suit on behalf of herself and her children. The parents of the deceased also sought to file suit. On July 17, 1992, Ms. Garcia executed a retainer agreement with Vance. After this agree-ment was signed, it was decided that James C. Barber, an attorney with offices in Dallas, would represent Ms. Garcia and her children. Vance and Barber executed a written refer-ral agreement under which Vance would re-ceive from Barber one-third of the attorney's fees paid in connection with the Garcias' claim. Ms. Garcia was fully apprised of the

referral agreement and approved of it before executing a contingent fee agreement with Barber. The parents of the deceased were also referred to Barber by another attorney who also entered into a referral agreement with Barber.

The Garcias' suit was filed in Harris County by Barber. The claims of Ms. Garcia, the children, and the parents of the deceased were settled for a collective sum of $500,000. On June 5, 1995, respondent entered a final judgment based on the settlement. In the judgment, respondent made the following determinations as to attorney's fees:

> It further appearing to the Court, after reviewing the pleadings and hearing testimony regarding the issue of attorney's fees and expenses in this matter, that although plaintiffs' counsel has done an excellent job, and although plaintiffs' counsel initially had a 50% contract with plaintiffs, but has voluntarily cut that amount to 40%; that nevertheless an attorney's fee of no more than 33⅓% should be approved in this case, because minors are involved;
>
> And it further appearing to the Court that plaintiffs' counsel James C. Barber, formally [sic] of Barber, Hart and O'Dell and now d/b/a Law Offices of James C. Barber, has done all the professional work on this case himself, and has advanced all costs on the case; **THE COURT THEREFORE ORDERS that no referral fees be paid by Barber in this case, in excess of $150.00 [per] hour for time supported by contemporaneously kept time records; because any such referral fees would be in violation of the Disciplinary Rules of the State Bar of Texas, Rule 1.04, and the Court specifically finds that the payment of such fees would be unconscionable under the circumstances.**

Judgment of June 5, 1995, in trial court cause no. 93–021415 (emphasis added).

The judgment then awarded $50,000 in expenses to the Law Offices of James C. Barber, and $166,667 in attorney's fees to

Barber. Vance complains about the one paragraph in the judgment concerning referral fees.

On June 9, 1995, Barber sent a letter to Vance stating that respondent had the authority to void the referral contract between the parties and did so in the judgment based on "public policy." Barber enclosed a copy of the judgment and stated that he could not pay the referral fee because he would be subject to contempt of court if he did pay it. Vance, who was not a party to the litigation or present during any of the proceedings, received the copy of the judgment from Barber on June 12, 1995 and hired an attorney to help him get his referral fee. On June 12, Vance's attorney talked with Barber about the referral fees and requested that Barber file a motion for new trial in order to extend the trial court's plenary power. Barber did not file a motion for new trial and, therefore, the trial court's plenary power expired on July 5, 1995.

## RESPONDENT'S AUTHORITY TO ALTER THE REFERRAL AGREEMENT

 Vance brought this mandamus action alleging that the portion of the judgment relating to referral fees is void because the court had no personal jurisdiction over him and, thus, deprived him of property without due process.[1] In considering Vance's claim, we note that these facts are undisputed: (1) Vance never appeared in the action and was never served with notice; and (2) the portion of the judgment complained of affected a right or benefit belonging to Vance.

 A court must have jurisdiction to act or its acts are void. *Hjalmarson v. Langley,* 840 S.W.2d 153, 155 (Tex.App.—Waco 1992, orig. proceeding) (citing *State v. Olsen,* 360 S.W.2d 398, 399 (Tex.1962)). A judicial act is void if the court lacks: (1) jurisdiction of the parties or property; (2) jurisdiction of the subject matter; (3) jurisdiction to enter the particular judgment; or

---

1. Vance begins his argument by claiming that he is an indispensible party under Tex.R.Civ.P. 39. We disagree with this argument. Relator had no interest in the suit until the moment the judgment was signed and thus, was not indispens-

able. Further, we note that the failure to join "indispensable" parties does not render a judgment void; rather, it merely renders it voidable. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex. 1985).

(4) the capacity to act as a court. *Austin Indep. School Dist. v. Sierra Club*, 495 S.W.2d 878, 882 (Tex.1973); *Bakali v. Bakali*, 830 S.W.2d 251, 254 (Tex.App.—Dallas 1992, no writ).

■ Jurisdiction over a party depends on whether the party is properly before the court as authorized by procedural statutes and rules. *Perry v. Ponder*, 604 S.W.2d 306, 322 (Tex.Civ.App.—Dallas 1980, no writ). Jurisdiction over a party is acquired by voluntary appearance, by service of process as provided by law, or by waiver of service. *Jones v. Fitch*, 435 S.W.2d 252, 254 (Tex.Civ.App.—Houston [14th Dist.] 1968), *rev'd on other grounds*, 441 S.W.2d 187 (Tex.1969).

■ There is no dispute that Vance never appeared, was never served with process, and did not waive service in this case. *See Jones v. Fitch*, 435 S.W.2d at 254. Moreover, the only contract relating to attorney's fees before Respondent was *Barber's* contingency fee agreement with the plaintiffs. The referral agreement formed no part of the case before the trial court and Vance was not a party to the suit. Thus, under the case law cited above, the trial court clearly never had any jurisdiction over Vance. In spite of this, Respondent took a substantial property right away from Vance. This action by the trial court, taken without personal jurisdiction over Vance is, therefore, void. *Austin Indep. School Dist. v. Sierra Club*, 495 S.W.2d at 882; *Perry v. Ponder*, 604 S.W.2d at 322.

Respondent, who filed a brief on his own behalf, argues that Vance has "misunderstood the effect of the Trial Court's order." Respondent claims that the portion of the judgment relating to referral fees did not deal with the contract rights between Barber and Vance. Respondent argues that the judgment only addresses what could be paid from the funds that the plaintiffs received in the settlement. We disagree.

First, the exchange between Barber and respondent at the hearing clearly shows that respondent meant to void any referral agreement between Barber and Vance. During the settlement hearing the following exchange took place between Barber and respondent:

THE COURT: If you did all the work, then it is improper for the referring attorneys to get anything. **If you want me to, I will be glad to give you the benefit of an order voiding any referral agreement you had.**

MR. BARBER: I can't ask the Court to do that because I feel like I have a professional obligation to them.

THE COURT: Let me repeat what I said. If they didn't do any work, it's unethical for you to pay them a referral fee.

Statement of facts from hearing, May 8, 1995, p. 7 (emphasis added). The record clearly shows that respondent meant to void the contract between Vance and Barber, and the judgment did exactly that, for it orders Barber not to pay Vance what Barber had agreed to pay him under the contract. Respondent, sua sponte, intervened in and modified the referral contract between relator and Barber.

■ Second, the portion of the judgment relating to referral fees does not simply address what could be paid from the funds the plaintiffs received in the settlement. It deals with funds already carved out of the settlement proceeds to go to someone other than the plaintiffs. When Respondent determined at the hearing and in the judgment that Barber could receive $166,667 in attorney's fees from the settlement monies, *this* was a determination of "what could be paid from the funds received by the Plaintiffs."[2] However, when respondent then went on to tell Barber what he could and could not do with funds that he was to receive from the settlement, *this* was a determination of what

---

**2.** The trial court had jurisdiction over Barber because, as the attorney of record for the Garcias, it is as if Barber were a party to the suit. *See Newman v. Link*, 866 S.W.2d 721, 725 (Tex.App.—Houston [14th Dist.] 1993), *writ denied per curiam*, 889 S.W.2d 288 (Tex.1994) (holding that by representing a client in an action in which attorney's fees are requested and awarded, attor-

ney becomes a party to the judgment). *See also Roberts v. Roberts*, 144 Tex. 603, 192 S.W.2d 774, 777 (1946) (holding that attorneys were as bound by judgment "as if they had been parties to the suit"); *Akin v. Akin*, 276 S.W.2d 323, 326 (Tex.Civ.App.—Austin 1955, writ dism'd) (holding that attorneys representing a party were themselves parties to the suit "literally and legally").

could be paid from funds already separated from the settlement money, *not* a determination of "what could be paid from the funds received by the plaintiffs."

## RESPONDENT'S BASES FOR ALTERING THE REFERRAL FEE

 Respondent raises numerous arguments in response to Vance's petition for writ of mandamus; however, all of these arguments are irrelevant in light of our holding that the trial court did not have personal jurisdiction over Vance. Therefore, we will not specifically address the merits of these contentions.[3]

## THE AVAILABILITY OF MANDAMUS

Finally, respondent and Barber contend that Vance is not entitled to mandamus relief because he has an adequate remedy at law. Again, we disagree. The Texas Supreme Court has long held that mandamus will lie in the case of a void judgment and that it is unnecessary for the relator to pursue other remedies even if they exist. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973); *Buttery v. Betts*, 422 S.W.2d 149, 151 (Tex.1967); *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (1961). *See also Amateur Athletic Found. v. Hoffman*, 893 S.W.2d 602, 603 (Tex.App.—Dallas 1994, orig. proceeding) (holding that because order was void, relator could secure mandamus relief without showing he has no adequate remedy at law); *Miller v. Woods*, 872 S.W.2d 343, 346 (Tex. App.—Beaumont 1994, orig. proceeding) (holding that mandamus is available when trial court's action is void); *NCF, Inc. v. Harless*, 846 S.W.2d 79, 83 (Tex.App.—Dallas 1992, orig. proceeding) (recognizing that void

action by trial court is exception to general rule that relator must show no adequate remedy to obtain mandamus relief).

The Texas Supreme Court specifically stated in *Buttery*, a case involving a void order granting a new trial, that "Relators are entitled to their final judgment in the *Buttery* case without establishing that right after a needless retrial and an appeal." 422 S.W.2d at 151. The Court ordered the trial court to reinstate the judgment it set aside.

*Fulton v. Finch* also involved a void order, and the Texas Supreme Court had this response when the respondent argued that the relator had an adequate remedy by appeal:

It is one thing to say that a void order *may* be appealed from but it is another thing to say that it *must* be appealed from for it would be anomalous to say that an order void upon its face must be appealed from before it can be treated as a nullity and disregarded. An order which must be appealed from before it is ignored can hardly be characterized as "void" and binding on no one.

346 S.W.2d at 830 (emphasis in the original).

 Likewise, it would be anomalous, needless, and wasteful to require Vance to pursue a separate contract action in another county to validate the referral fee agreement and obtain a ruling that respondent's order invalidating the referral fee agreement is void. That a remedy at law may technically exist will not defeat an applicant's entitlement to the writ when the remedy is "so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Kozacki v. Knize*, 883 S.W.2d 760, 762 (Tex.App.—Waco 1994, orig.

---

**3.** Respondent first argues that he acted properly because trial courts have broad discretion in setting attorney's fees in cases pending before them, especially when minors are involved. We do not disagree with this general proposition; however, a trial court must have jurisdiction over a party before it takes any action affecting her rights. In his second argument, respondent contends that the portion of the judgment relating to referral fees is not void because an attorney is not entitled to a referral fee if she does not actually work on the case. This is not the law in Texas. *See* SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, § 9 (Rules of

Professional Conduct Rule 1.04(f) (1995). Lastly, respondent cites two appellate court opinions for the proposition that "appellate courts have placed strict rules on alleged 'entitlements' of referring attorneys to receive massive amounts of money for no work." The two cases cited by respondent did not hold and, in fact, did not even discuss or comment on whether a referring attorney must work on a case to be entitled to a referral fee. *See Lemond v. Jamail*, 763 S.W.2d 910 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Fleming v. Campbell*, 537 S.W.2d 118 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

proceeding) (citing *Stearnes v. Clinton*, 780 S.W.2d 216, 225 (Tex.Crim.App.1989)). Thus, mandamus is the proper remedy in this case.

## CONCLUSION

In summary, we conclude that respondent abused his discretion by modifying the referral agreement between Vance and Barber because Respondent had no personal jurisdiction over Vance. Thus, we hold that the portion of the judgment relating to referral fees is void as a matter of law and relator is entitled to mandamus relief. Respondent's plenary jurisdiction has expired and he has no authority to take any action concerning the judgment except for that ordered by this Court. *See White v. Baker & Botts*, 833 S.W.2d 327, 329–330 (Tex.App.—Houston [1st Dist.] 1992, writ requested) (holding that only Texas Supreme Court can enlarge a jurisdictional limit); *See also* TEX.R.CIV.P. 329b(d) (trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed).

■ We order respondent to vacate from the final judgment dated June 5, 1995, the entire paragraph which states:

> And it further appearing to the Court that plaintiffs' counsel James C. Barber, formally [sic] of Barber, Hart and O'Dell and now d/b/a Law Offices of James C. Barber, has done all the professional work on this case himself, and has advanced all costs on the case; THE COURT THEREFORE ORDERS that no referral fees be paid by Barber in this case, in excess of $150.00 [per] hour for time supported by contemporaneously kept time records; because any such referral fees would be in violation of the Disciplinary Rules of the State Bar of Texas, Rule 1.04, and the Court specifically finds that the payment of such fees would be unconscionable under the circumstances.

The remainder of the judgment remains unchanged.[4]

---

4. We note here that vacating this one void paragraph from the judgment does not affect the rest of the judgment. The rule in this state is that a judgment may be void in part and valid in all other respects. *Twichell v. Askew*, 141 S.W. 1072, 1075 (Tex.Civ.App.—Amarillo 1911, no

writ) (opinion on reh'g). *See also Preferred Life Ins. Co. v. Dorsey*, 281 S.W.2d 368, 372–73 (Tex. Civ.App.—Waco 1955, writ ref'd n.r.e.) (holding that portion of judgment relating to appellate attorney's fees was void and affirming the remainder of the judgment).