In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-119 CV


____________________



SUSAN W. HOGARTY, Appellant



V.



NANCY WAGNER KENT ABERNATHY, LOUIS ABERNATHY, 


 EUGENE H. WAGNER, JR., WAGNER HARDWARE, INC., 


WAGNER HARDWARE NO. 5, INC., AND WAGNER


HARDWARE KIRBY, INC., Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 99-11-06779






MEMORANDUM OPINION (1)


 Appellant Susan W. Hogarty appeals the trial court's dismissal with prejudice of her
case, an action for breach of contract, conversion, breach of fiduciary duty, fraud, civil
conspiracy and tortious interference against Appellees Nancy Wagner Kent Abernathy,
Louis Abernathy, Eugene H. Wagner, Jr., Wagner Hardware, Inc., Wagner Hardware No.
5, Inc., and Wagner Hardware Kirby, Inc. Appellant's Motion for New Trial was
overruled by operation of law and she has appealed. We affirm.

 On June 20, 2002, the trial court sustained Appellees' Special Exceptions to
Appellant's Second Amended Petition, and ordered her to amend specified sections thereof
within fourteen (14) days. On July 2, 2002, Appellant filed her Third Amended Petition. 
Appellees then moved, in a document entitled "Defendants' Motion to Compel and Request
for Sanctions," that certain sections of the Third Amended Petition be stricken, and
pursuant to Tex. R. Civ. P. 13 and 215.2(b), that the trial court sanction Appellant (by
awarding Appellees attorney's fees) for non-compliance with the Court's order. On
October 3, 2002, the trial court granted Appellees' Motion, ordered Sections IX and XIV
stricken from Appellant's Third Amended Petition, and ordered Appellant to pay
Appellees' counsel $750 in attorney's fees. The Order further provided that if Plaintiff did
not comply with the Order by a certain date, the case would be dismissed with prejudice. 
On or about October 29, 2002, Appellees moved to dismiss Appellant's action with
prejudice, due to Appellant's failure to pay the attorney's fees and to re-plead the stricken
sections. (2) On November 26, 2002, the trial court granted Appellees' motion, ordered that
the case be dismissed with prejudice, and taxed all costs against Appellant. 

 Prior to considering Appellant's arguments on appeal, we first examine whether this
Court has jurisdiction over this appeal as a final judgment. See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). Although not raised by either party, the Court
of Appeals may examine the issue of its jurisdiction sua sponte. See Texas Dep't of
Transp. v. City of Sunset Valley, 92 S.W.3d 540, 547 (Tex. App.--Austin 2002, no pet.
h.). The record shows one of the parties named in the petition as defendant is "Wagner
Hardware No. 4, Inc." Special exceptions were filed by counsel on behalf of all
defendants named in the petition, except Wagner No. 4. The trial court's order on special
exceptions does not make reference to Wagner No. 4. In the Third Amended Petition,
Wagner No. 4 is named again as a plaintiff in both the caption and the body of the
pleading, but Appellant also states that "(a)ll Defendants have been served and are before
the Court with the possible exception of [Wagner Hardware No. 4, Inc.] . . . ." Although
the captions in subsequent filings by Appellant continue to show Wagner No. 4 as a
defendant, the trial court's order of dismissal does not refer to Wagner No. 4 either in the
caption or the body of the order. 

 In addition to the specific statement by Appellant that Wagner No. 4 may not have
been served, the record in this case does not demonstrate that Wagner No. 4 was ever
properly served, or entered a voluntary appearance, (3) or that any pleadings and motions
were filed on its behalf. In situations similar to this, our courts have held that the case
stands as if there had been a discontinuance as to the unserved party, and the judgment
against the remaining served parties is regarded as final for purposes of appeal. See
Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1963); Rape v. M.O.
Dental Lab, 95 S.W.3d 712, 714-15 (Tex. App.-- Fort Worth 2003, pet. filed). We hold
that we have jurisdiction over this appeal.

 On appeal, Appellant raises three issues. Prior to responding to Appellant's issues,
Appellees contend Appellant waived all of her issues on appeal because she failed to cite
any authority in support of her argument. 

 Tex. R. App. P. 38.1(h) mandates that the Argument section of an appellant's brief
contain "appropriate citations to authorities and to the record." In the entire brief, only
Tex. R. Civ. P. 13 and 215.2 are cited as authority. No case law is presented at any
point. Appellant's brief does not cite Tex. R. Civ. P. 91 or any case law pertinent to the
issue of whether the trial court's sustaining of special exceptions was proper, or whether
the trial court properly dismissed Appellant's cause of action. Tex. R. Civ. P. 91; see
generally Mowbray v. Avery, 76 S.W.3d 663, 677-78 (Tex. App.--Corpus Christi 2002,
pet. denied), and Cole v. Hall, 864 S.W.2d 563, 566-67 (Tex. App.--Dallas 1993, writ
dism'd w.o.j.). Where a brief cites no authority in support of its argument, the point is
considered inadequately briefed, and is waived. Koch Oil Co. v. Wilber, 895 S.W.2d 854,
867 (Tex. App.--Beaumont 1995, writ denied). See also In re J.G.W., 54 S.W.3d 826,
832 (Tex. App.--Texarkana 2001, no pet.), and Neely v. Jacobs, 673 S.W.2d 705, 709
(Tex. App.--Fort Worth 1984, no writ). We note also that neither Appellant's reply brief
filed with this Court, nor any response to motions filed in the trial court contains any
citation to the applicable rule or case law of any kind. We consider Appellant's brief to
be in non-compliance with Tex. R. App. P. 38.1(h).

 In her brief, Appellant also makes unwarranted, improper personal attacks upon the
trial judge. In making arguments to the reviewing court, it is improper for a party to rely
on matters outside the record. Schlafly v. Schlafly, 33 S.W.3d 863, 873 (Tex. App.--Houston [14th Dist.] 2000, pet. denied). Such material should be stricken from any brief
filed in this Court. See Universal Life & Accident Ins. Co. v. Barron, 269 S.W.2d 467,
471 (Tex. Civ. App.--Dallas 1954, writ ref'd n.r.e.). 

 We find that Appellant has waived all issues. The judgment of the trial court is
affirmed. 

 AFFIRMED. 


 PER CURIAM



Submitted on July 22, 2003

Opinion Delivered August 14, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. The trial court did not order a re-pleading of the Third Amended Petition. It did
specify that Plaintiff must comply with the order to pay defense counsel's attorney's fees
on or before a date certain. 
3. Valid service, voluntary appearance, or waiver of service are the means by which
a court establishes jurisdiction over the person. See Vance v. Davidson, 903 S.W.2d 863,
866 (Tex. App.--Houston [14th Dist.] 1995, orig. proceeding).