**William T. SPRUIELL, III and Kay Yarborough, Appellants,**

**v.**

**SCHLUMBERGER LIMITED, et al, Appellees.**

**No. 6–90–070–CV.**

Court of Appeals of Texas, Texarkana.

May 14, 1991.

---

11. *See E___ T___ J___ v. State,* 766 S.W.2d 871, 872–74 (Tex.App.—Dallas 1989, no writ) (Kin-    keade, J., dissenting).

Jim A. Adams, Rosenberg, for appellants.

Gerard J. Kimmitt, II, Clann, Bell & Murphy, Houston, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

William T. Spruiell, III and Kay Yarborough (collectively referred to as Spruiells) appeal an adverse summary judgment granted in favor of Schlumberger Limited, Schlumberger Well Survey Corporation, and Schlumberger Well Services, a Division of Schlumberger Technology Corporation (collectively referred to as Schlumberger).[1]

Spruiell was an employee of Schlumberger Well Services, and he and his wife, Kay Yarborough, brought a personal injury action against Schlumberger for injuries incurred in an automobile accident after Spruiell and his friend, Steven Blaser, became intoxicated at a chili cook-off sponsored by Schlumberger Employees' Club and held on the premises of Schlumberger Well Services.

Spruiell and his wife seek damages on two theories. First, on the basis that Schlumberger committed an offense under Section 101.63 of the Alcoholic Beverage Code by knowingly selling an alcoholic beverage to an intoxicated person and thus being guilty of negligence as a matter of law. In their second theory, the Spruiells contend that the acts of serving William and Steven Blaser alcoholic beverages while they were in an obvious state of intoxication and of forcing him and Blaser to leave when they were unable to do so safely were acts of common law negligence.

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a

1. The affidavits often failed to distinguish which of the Schlumberger Corporations was being referred to, e.g. "the Schlumberger premises," and "Schlumberger employees." At the trial on the merits, the relationships between these corporations, as well as the relationship between these corporations and William Spruiell can be further developed in the testimony so that the fact finder can determine which corporation or corporations, if any, are liable to the Spruiells.

matter of law. Tex.R.Civ.P. 166a. Evidence favorable to the nonmovant will be taken as true and every reasonable inference is indulged in favor of the nonmovant, and all doubts are resolved in his favor. *MMP Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986).

Schlumberger contends that it is entitled to summary judgment based upon two defenses: (1) that Schlumberger Well Services did not violate any duty to William Spruiell and that the Schlumberger Employees' Club as a social host owed no duty to Spruiell; and (2) that if any duty was owed, it was not to the person who had voluntarily consumed too much alcohol.

■ Spruiell contends that the employees of Schlumberger were in the course and scope of their duties while serving alcoholic beverages and when forcing him to leave the premises on the night in question.[2] Spruiell further contends that the Schlumberger Employees' Club is an alter ego of Schlumberger Well Services. Generally, alter ego is applied between a corporation and an individual. *See Castleberry v. Branscum,* 721 S.W.2d 270 (Tex.1986). Spruiell contends that the Schlumberger Employees' Club is a mere extension of Schlumberger Well Services. He seeks to disregard what he contends is the corporate fiction of the Schlumberger Employees' Club on the basis that it is a mere tool or business conduit of Schlumberger used to circumvent Schlumberger's responsibility and legal obligations.

In support of his alter ego contention, Spruiell swore that as an employee of Schlumberger Well Services, he was automatically a member of Schlumberger Employees' Club; that he was informed by the personnel director and the safety supervisor of Schlumberger that in order for him to "move up and progress in the company," he needed to be more active in company events and participate in more functions, such as the company's picnics and parties sponsored by the Schlumberger Employees' Club; that participation would reflect on his job status; that he purchased the tickets to the chili cook-off at the company cafeteria from company employees; that the function was held on the Schlumberger premises; and that he was told by his immediate supervisor that he would be suspended from work for two weeks because of his conduct at the chili cook-off.

Schlumberger filed summary judgment proof in the form of affidavits stating that the Schlumberger Employees' Club "is a separate and distinct organization from that of Schlumberger"; that the Club has its own charter and bylaws, its own board of directors, and "its own insurance policy"; that the chili cook-off was sponsored wholly by Schlumberger Employees' Club; that Schlumberger had no involvement in the preparation, direction or operation of the chili cook-off; that Schlumberger Employees' Club is a nonprofit organization formed exclusively for the benefit and enjoyment of Schlumberger employees; that Schlumberger Well Services budgets $10,000 quarterly to the Club, which is an unconditional donation; that Schlumberger is not involved in the organization, planning, operation, or any activities of the Club or operation of its social events; that attendance at these social functions is not encouraged in any way by Schlumberger Well Services; that "job growth, improvement or advancement is not related to social function attendance"; and that the security guards at the chili cook-off were hired by Schlumberger Employees' Club.

The supporting proof of the two parties conflicts and creates a material fact issue as to whether Schlumberger Employees' Club is the alter ego of Schlumberger Well Services.

In the case of *Beard v. Graff,* 801 S.W.2d 158 (Tex.App.–San Antonio 1990, no

---

**2.** The Spruiells did not contend that William Spruiell was in the course and scope of his employment while at the chili cook-off. An injury occurring to him while on the job might have limited him to recovery of workers' compensation, which would be subject to the defense that the injury was caused while he was in a state of intoxication. *See* Tex.Rev.Civ.Stat.Ann. art. 8306, § 1 (Vernon 1967), *repealed* by Acts 1989, 71st Leg. eff. Jan. 1, 1991.

writ), the San Antonio Court of Appeals, sitting *en banc*, held that a legal duty was owed by a social host serving alcoholic beverages. In the case of *Walker v. Children's Services, Inc.*, 751 S.W.2d 717 (Tex. App.–Amarillo 1988, writ denied), the Amarillo Court of Appeals ruled to the contrary. Since the occurrence in the present case and 'the occurrence in the *Beard* case, the Texas Legislature has passed legislation excluding liability to a social host serving alcoholic beverages.[3]

Spruiell brought this suit on the basis that the Schlumberger Employees' Club was a seller of alcoholic beverages, not a social host. Therefore, the liability of a social host is not an issue. Spruiell contends that the Schlumberger Employees' Club was negligent as a matter of law for violating Section 101.63(a) of the Texas Alcoholic Beverage Code. This section is entitled *Sale to Certain Persons* and states the following: "A *person* commits an offense if he *knowingly sells* an alcoholic beverage to an habitual drunkard or an intoxicated or insane person" (emphasis added). Schlumberger contends that this provision applies only to licensees.[4]

In *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987), the Supreme Court applied this statutory provision to a licensee because the facts of that case involved a licensee. The Supreme Court specifically found that one who dispenses or serves liquor gratuitously in absence of a license or permit was not involved in that appeal. Likewise, a person who sells alcoholic beverages without a permit was not addressed in that decision, but the language of Section 101.63(a) does not limit its prohibition to a licensee but uses the term *person*. *Person* is defined in Section 1.04(6) of the Alcoholic Beverage Code to mean "a natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them."

Interpreting this provision to apply only to those with a valid license, as urged by Schlumberger, would reward those who violated the law by failing to obtain licenses and those who allowed their licenses to expire. It is difficult to believe that the Legislature intended punishment and liability only for those who obey the law by obtaining a license while exempting those who flouted the licensing requirement. The conduct that the Legislature is endeavoring to regulate by the statute is not that

---

3. The pertinent part of Sections 2.01–2.03 of the Texas Alcoholic Beverage Code (Vernon Supp. 1990) is as follows:

§ 2.01. Definitions
In this chapter:
   (1) "Provider" means a person who *sells or serves* an alcoholic beverage *under authority of a license or permit issued under the terms of this code* or who *otherwise sells* an alcoholic beverage to an individual.
   . . . .
§ 2.02. Causes of Action
   . . . .
   (b) *Providing, selling, or serving an alcoholic beverage* may be made the basis of a statutory cause of action under this chapter . . . upon proof that:
      (1) at the time the provision occurred it was apparent to the *provider* that the individual being sold, served or provided with an alcohol beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and

      (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.
§ 2.03. Statutory Remedy
   The liability of providers under this chapter for the actions of their customers, members, or guests who are or become intoxicated is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages. This chapter does not impose obligations on a provider of alcoholic beverages other than those expressly stated in this chapter. *This chapter provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older.*
   (Emphasis added.)

4. The Texas Legislature has now enacted a civil liability provision that specifically provides for liability for "not only a person who sells or serves under the authority of a license or permit," but also for a person "who otherwise sells an alcoholic beverage to an individual." (see footnote 2.) (This Act was not in effect at the time the events in the present case occurred.)

of obtaining a license, but rather the conduct of selling an alcoholic beverage to individuals who are intoxicated. Whether a license was issued to Schlumberger is not controlling as to the applicability of Section 101.63; rather the controlling factor is whether Schlumberger was selling alcoholic beverages to an intoxicated person. If Schlumberger committed the offense of knowingly selling alcoholic beverages to an intoxicated person, it would be deemed negligent per se or negligent as a matter of law because it violated the statute.

The parties have filed affidavits as to when the statute requires a license to sell alcoholic beverages. This is a matter of law, not a question of fact, and the language of Section 101.63(a) clearly applies to anyone who knowingly sells an alcoholic beverage to an intoxicated person. Thus, the fact issue presented in this case is whether Schlumberger sold beer, an alcoholic beverage, to Spruiell and Blaser.

Spruiell contends and showed by affidavit that the purchase price of the beer was part of the $4.00 admission fee by Schlumberger. Affidavits presented by Schlumberger contend that the $4.00 admission fee covered costs of the band, food, and security guards, but that "draft beer was available at the cook-off at no charge." These affidavits present a dispute on a material fact issue that must be resolved by the fact finder.

Spruiell's pleadings and affidavits present another issue that is not governed by the Alcoholic Beverage Code or by case law pertaining to the serving of alcoholic beverages: whether Schlumberger was negligent in compelling Blaser and Spruiell to leave the premises in an automobile when neither of them was capable of driving.

In a sworn affidavit, Spruiell stated that he did not want to leave the event because he knew that neither he nor Blaser could drive safely and because his wife was coming back to pick him up. He further swears that he was ordered to leave the premises, that he was actually placed in Blaser's truck by a Schlumberger employee and a Schlumberger security guard, and that he "would get in trouble with" his employer if he did not obey the employee. There was further summary judgment proof that "the Schlumberger Employees' Club had hired a taxi," and that the taxi was available at all times "to provide free transportation to attendees of the chili cook-off who felt they were unable to drive." No contention was made that this service was offered to Spruiell when he was placed in the vehicle. Schlumberger instead filed summary judgment proof denying that Spruiell was told to leave the premises or that the named employee had any supervisory authority over Spruiell.

When an employer exercises control over an employee because of the employee's incapacity, the employer has a duty to take such action as a reasonably prudent employer under the same or similar circumstances would take to prevent the employee from causing an unreasonable risk of harm *to others. Otis Engineering Corp. v. Clark,* 668 S.W.2d 307 (Tex.1983). The question not answered by the court in *Otis Engineering* is whether this duty is also owed to the intoxicated party.

The second general area upon which Schlumberger based its motion for summary judgment is that there can be no liability for injuries to the person who is intoxicated.[5] Spruiell by his own admission was intoxicated at the time he was injured, and he has alleged that his intoxication brought about his accident.

**5.** The later enacted statute for civil liabilities (generally §§ 2.01–2.03 of the Texas Alcoholic Beverage Code) for serving alcoholic beverages does not exclude recovery by the person consuming the alcoholic beverages. The Act suggests that that intoxicated person may have a cause of action. The Act requires proof that the person being served was obviously intoxicated "to the extent that he presented a clear danger *to himself* and others." TEX.ALCO.BEV.CODE ANN. § 2.02(b)(1) (Vernon Supp.1990) (emphasis added). The language from the statute clearly protects the person consuming the alcohol as well as the general public.

In *Pastor v. Champs Restaurant, Inc.,* 750 S.W.2d 335 (Tex.App.–Houston [14th Dist.] 1988, no writ), the Fourteenth Court of Appeals held that a licensed alcoholic beverage dealer owed a duty to the general public, *which included its intoxicated customer,* not to serve alcoholic beverages to a customer when it knew or should have known that the customer was intoxicated. A significant portion of the basis for this holding was that it conformed with the dictates of the Texas Supreme Court in *El Chico,* 732 S.W.2d 306. Specifically the language in the *El Chico* decision states that, "the duty is the same whether the foreseeable injury involves the *drunkard himself* or a third party who may be placed in peril because of the drunkard's condition." *El Chico,* 732 S.W.2d at 311, 312 (emphasis added). Because the court in the *El Chico* case was not ruling on liability to the intoxicated customer, the language is dictum, but we believe that it suggests the proper interpretation of Section 101.63(a) of the Alcoholic Beverage Code. As the court pointed out in *El Chico,* an intoxicated person is by definition neither able-bodied nor able-minded. Alcohol distorts perception, slows reaction, and impairs motor skills, while operation of an automobile requires clear perception, quick reaction, and adept motor skills. *El Chico,* 732 S.W.2d at 311.

Prior to the adoption in Texas of a comparative negligence statute, Spruiell could have been barred from recovering damages for his injury that occurred while he was driving intoxicated because this violation of the law could have been held to be contributory negligence as a matter of law. *See Mooneyhan v. Benedict,* 284 S.W.2d 741 (Tex.Civ.App.–Austin 1955, writ ref'd n.r. e.). Contributory negligence is still a bar to recovery if the contributor's negligence is greater than the negligence of the person or persons against whom recovery is sought. TEX.CIV.PRAC. & REM.CODE § 33.001(a) (Vernon Supp.1991). The determination of whether the percentage of responsibility is less than or equal to fifty percent is a question of fact for the jury.

Furthermore, the Spruiells have presented a fact issue about whether a portion of Spruiell's injuries was caused by Blaser's negligent driving. Blaser's negligence would not have directly involved the serving of alcohol to Spruiell. Also, as we have previously mentioned, the act of putting Spruiell into the truck was not covered by statute but rather was an allegation based upon common law negligence. Whether Schlumberger placed Spruiell in the truck in a drunken state and if so, whether this was negligence is a question of fact for the jury, as is the extent to which Spruiell himself may have been negligent.

Schlumberger has not shown that it is entitled to judgment as a matter of law and that there are no disputed material fact issues. We therefore find that the trial court erred in granting a summary judgment. The judgment of the trial court is reversed, and the case is remanded for a trial on the merits.