**Clement J. VERDEUR and Constance A. Verdeur, Individually and as Guardians of Lauren Ashley Verdeur, Appellants,**

v.

**KING HOSPITALITY CORPORATION, D/B/A Shoney's Restaurant, Appellees.**

No. 2–93–012–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 23, 1994.

Rehearing Overruled April 19, 1994.

Paul Wendell Enlow, Paul Enlow & Associates, Fort Worth, for appellants.

Sidney H. Davis, Jr., Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellees.

Before HILL, C.J., and WEAVER and DAY, JJ.

## OPINION

**WEAVER, Justice.**

This summary judgment appeal arises from an auto accident in which Catherine Patrice Verdeur, an employee of appellee, was killed. Appellants, who consist of Ms. Verdeur's parents and her orphaned daughter, intervened in this wrongful death action seeking damages arising out of the death of Ms. Verdeur. Appellee filed a Motion for Summary Judgment claiming it owed no legal duty to Ms. Verdeur, and the trial court granted this motion.

Appellants challenge the judgment of the trial court through five points of error. All five points essentially claim the trial court erred in holding appellee had no legal duty to Ms. Verdeur in the present case. Because we hold that as a matter of law appellee did not owe a duty to Ms. Verdeur under the facts of this case, we affirm the judgment of the trial court.

Ms. Verdeur was a waitress who had a known history of drinking prior to work. On the evening in question, Ms. Verdeur showed up for work with alcohol on her breath and in a heavily intoxicated condition. It is undisputed that on the evening in question, Ms. Verdeur was not served or provided any alcohol by appellee, and that she did not consume any alcohol while on appellee's premises. While Ms. Verdeur was waiting tables, her condition was observed by coworkers. The manager was told of her condition and he subsequently directed her to leave the premises. Shortly thereafter, Ms. Verdeur was killed in a two-car auto accident.

■ It is clear that any cause of action appellants may have for negligence under the wrongful death statute or survival statute is derivative of Ms. Verdeur's rights. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 345 (Tex.1992). "It is fundamental that the existence of a legally cognizable duty is a prerequisite to all tort liability." *Graff v. Beard*, 858 S.W.2d 918, 919 (Tex.1993). Thus, if no duty was owed to Ms. Verdeur, then no duty is owed to appellants with regard to their derivative cause of action. *See Russell*, 841 S.W.2d at 345. Because all five of appellants'

points of error allege in some form or another that appellee did owe a duty to Ms. Verdeur, we will address them together.

■ As a general rule, there is no legal duty to control the actions or conduct of third persons. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). However, this rule does not apply in situations where a special relationship exists which imposes a duty on the actor to exercise control over the third person's conduct. These include the relationship between an employer and its employee, a parent and child, and an independent contractor and contractee in special circumstances. *Id.*

■ The facts of the present case are very similar to the facts in *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307 (Tex.1983). In *Otis*, an intoxicated employee of the defendant was involved in an automobile accident after his supervisor suggested that he go home. Two women were killed in the accident and their husbands instituted a wrongful death action against the employer. *Id.* at 308. The employee had a history of drinking on the job, and was extremely intoxicated on the night of the accident. On that night, the employee apparently went to the parking lot on various occasions and allegedly consumed alcoholic beverages in his vehicle. A co-worker noticed the employee's intoxicated state and told the supervisor "we need to get him off the machines." *Id.* When the employee returned from his dinner break, the supervisor suggested that he go home. The supervisor then escorted the employee to the parking lot and asked if he was o.k. and if he could make it home. The employee indicated he could. Thirty minutes later the fatal accident occurred some three miles away from the employer's plant. *Id.*

The trial court in *Otis* granted the employer's motion for summary judgment on the basis that as a matter of law, the employer did not owe a duty to the victims. *Id.* at 309. The Texas Supreme Court noted that while as a general rule a person has no legal duty to aid another in distress, he has a duty to avoid any affirmative act which might make the situation worse. The court further stated that "[o]ne who voluntarily enters an affir-

mative course of action affecting the interests of another is regarded as assuming a duty to act and must do so with reasonable care." *Id.* Thus, the supreme court adopted a new standard of duty holding as follows:

> [W]hen, because of an employee's incapacity, an employer exercises control over the employee, the employer has a duty to take such action as a reasonably prudent employer under the same or similar circumstances would take to prevent the employee from causing an unreasonable risk of harm *to others.* Such a duty may be analogized to cases in which a defendant can exercise some measure of reasonable control over a dangerous person when there is a recognizable great danger of harm to *third persons.*

*Id.* at 311 (emphasis added). The court went on to hold that a fact issue existed as to whether the employer *acted* reasonably in permitting the obviously intoxicated employee to drive. *Id.*

Appellants contend that under *Otis,* a fact issue exists in the present case as to whether appellee acted reasonably in directing Ms. Verdeur to leave the premises and permitting her to drive in her obviously intoxicated state. Appellee, on the other hand, argues *Otis* is distinguishable from the present case because the employee in *Otis* apparently consumed the alcohol on the job, whereas Ms. Verdeur showed up for work intoxicated and did not consume any alcohol on appellee's premises.

We do not believe the fact Ms. Verdeur did not consume any alcohol on appellee's premises and was intoxicated before she arrived at work has any bearing on the issue of whether appellee had a duty to act reasonably in exercising control over her. The supreme court did not place any emphasis on the fact the employee in *Otis* had become intoxicated on the job when it determined the existence of a duty to the victims in that case. *See id.* at 308–11; *Phillips,* 801 S.W.2d at 526.

We also do not believe *Otis* requires us to reverse the summary judgment rendered against appellants in the present case. *Otis* only creates a duty owed by an employer to *innocent third parties* who are injured by the acts of an intoxicated employee. It does not create a duty which requires an employer to protect an intoxicated employee from injuring herself. *See Otis,* 668 S.W.2d at 311; *Walker v. Children's Services, Inc.,* 751 S.W.2d 717, 719 (Tex.App.—Amarillo 1988, writ denied).

Appellants cite numerous cases in support of their argument that appellee had a duty to Ms. Verdeur, the intoxicated employee. However, all of the cases relied upon by appellants involve "dram shop" liability and/or situations where the defendant was the provider of the alcoholic beverages. *See Smith v. Sewell,* 858 S.W.2d 350, 352 (Tex. 1993) (intoxicated individual himself may assert cause of action against provider of alcohol for violations of Dram Shop Act); *El Chico Corp. v. Poole,* 732 S.W.2d 306, 312 (Tex.1987) (duty owed by alcohol licensee for "dram shop" liability is same whether injury involves drunkard himself or innocent third party); *Spruiell.v. Schlumberger LTD.,* 809 S.W.2d 935, 939–40 (Tex.App.—Texarkana 1991, no writ) (duty owed by employer as seller of alcohol at employees' club extended to intoxicated employee himself); *Pastor v. Champs Restaurant, Inc.,* 750 S.W.2d 335, 337 (Tex.App.—Houston [14th Dist.] 1988, no writ) (alcoholic beverage licensee owes duty to all members of general public, including intoxicated customer).

In the present case it is undisputed appellee did not provide Ms. Verdeur with any alcohol on the evening in question. Based on these facts, we decline to extend the holding in *Otis* to the intoxicated employee. We hold as a matter of law that, under the circumstances of this case, appellee owed no duty to Ms. Verdeur. Appellants' points of error are overruled.

The judgment of the trial court is affirmed.