Robert EDWARDS and Diana Edwards, Appellants,

v.

Al SILVA and Labatt Institutional Supply Co. d/b/a Labatt Food Service, Appellees.

No. 04–99–00471–CV.

Court of Appeals of Texas, San Antonio.

Sept. 29, 2000.

Stephen F. White, White & Davis, P.C., San Antonio, for Appellant.

Annalyn G. Smith, Bracewell & Patterson, L.L.P., Nissa M. Sanders, Wallace B. Jefferson, Crofts, Callaway & Jefferson, P.C., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

This case arises from a one-car accident that Robert Edwards, a former employee of Labatt Institutional Supply Co. d/b/a Labatt Food Service ("Labatt"), was involved in on his way home from work after an evening of drinking with his then supervisor, the general manager of Labatt, Al Silva. Edwards and his wife, Diana Edwards (the "Edwards"), sued Silva and Labatt, alleging that they were negligent in: (1) furnishing Edwards alcoholic beverages; (2) placing him in danger and failing to take reasonable precautions to insure his safety; (3) failing to make alternative arrangements for him to get home; (4) failing to implement reasonable practices and procedures involving the use of alcoholic beverages; and (5) failing to properly supervise Edwards. Silva and Labatt moved for summary judgment on the basis that: (1) neither party owed a duty to protect Edwards from harming himself; (2) Edwards' intoxication is a complete defense to his claims; and (3) Silva cannot be held individually liable because he owed Edwards no duty independent of Labatt's duty. The trial court granted a general summary judgment in favor of Silva and Labatt. We will affirm the trial court's judgment.

## Facts

On the evening of April 16, 1997, Silva asked Edwards to join him for after-work drinks. Edwards accepted Silva's invitation, explaining that "when Al says to meet, you go." Edwards had previously declined similar invitations extended by Silva. The men drove in Silva's car to a nearby Holiday Inn where, over the course of four hours, they ate nachos and consumed approximately eight beers each, which were purchased on a company credit card. Although Edwards felt compelled to join Silva, Edwards concedes that he felt no obligation to drink alcohol and that he chose to consume the amount of alcohol he did. According to Silva, while they ate and drank, the men talked about "past work experiences, college, and [their] families." Labatt's work was not discussed.[1]

Silva later returned Edwards to his vehicle on Labatt's premises. Edwards appeared sober to Silva, who then left the premises. After Silva's departure, Edwards began roughhousing with several co-workers who attempted to prevent him from driving home in his apparent intoxicated state. Edwards ultimately secured his car keys and drove off. On his way home, Edwards was seriously injured in a one-car accident.

## Standard of Review

Summary judgment is proper for a defendant only if the defendant establishes that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's claim and that it is entitled to judgment as a matter of law. Tex. R.Civ.P. 166a(c); *Nixon v. Mr. Property Management Co. Inc.*, 690 S.W.2d 546, 548 (Tex.1985). When, as in the instant case, the summary judgment does not specify the ground relied upon for its ruling, the summary judgment must be affirmed if one of the theories advanced is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993)

## Duty

It is well settled that the threshold inquiry in a negligence claim is whether a duty is owed to the plaintiff by the defendant. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987); *Abalos v. Oil Dev. Co.*, 544 S.W.2d 627, 631 (Tex.1976). The Edwards' theory of liability rests upon the argument that Silva and Labatt owed a duty to Edwards to keep him from harming himself because Edwards became intoxicated under Silva's control.

As a general rule, a person is under no duty to control the conduct of another. *Otis Eng'g v. Clark*, 668 S.W.2d 307, 309 (Tex.1983). Exceptions to this general rule are limited to situations where a special relationship exists between the actor and the third party. *Kehler v. Eudaly*, 933 S.W.2d 321, 329 (Tex.App.— Fort Worth 1996, writ denied). One such special relationship is the employer-employee relationship. *Otis Eng'g*, 668 S.W.2d at 309; *Kehler*, 933 S.W.2d at 329. In the context of that relationship, the Supreme Court has determined that an employer has a duty to prevent the employee from causing an unreasonable risk of harm to others, where, because of an employee's incapacity, an employer exercises control over the employee. *Otis Eng'g*, 668 S.W.2d at 311; *Kehler*, 933 S.W.2d at 330.

In *Otis*, an employee with a known alcohol problem was ordered to leave work after his supervisor learned he was in an extreme state of intoxication. *Otis Eng'g*, 668 S.W.2d at 308. On his way home, the employee struck another vehicle, fatally injuring its passengers. *Id.* In recognizing a duty owed by the employer to unknown

---

1. In their original petition and on appeal, the Edwards characterize Silva and Edwards' meeting as a business meeting. Such a characterization is not supported by any competent summary judgment evidence. With respect to this issue, the record contains only evidence from Silva's deposition and affidavit wherein he describes the meeting as a social get-together during which work topics were not discussed.

third parties, the Supreme Court reasoned that once the employer undertook the affirmative act of sending the employee home with knowledge of his intoxication, the employer assumed a duty to proceed with reasonable care to prevent the employee from causing an unreasonable risk of harm to others. *Id.* at 311. This duty attaches in the context of the employer-employee relationship [2] only when the employer performs *some affirmative act of control* over an incapacitated employee. *Otis Eng'g,* 668 S.W.2d at 311; *see e.g., DeLuna v. Guynes Printing Co. of Texas,* 884 S.W.2d 206, 210 (Tex.App.—El Paso 1994, writ denied) (upholding summary judgment in favor of employer where employer took no affirmative steps to control behavior of employee who was drinking alcohol in parking lot on or adjacent to employer's premises); *J & C Drilling Co. v. Salaiz,* 866 S.W.2d 632, 639 (Tex.App.—San Antonio 1993, no writ) (finding that employer not responsible to third parties for accident caused by exhausted employee where plaintiffs failed to produce evidence of employer's affirmative action to control employee or place employee on public highway in exhausted state); *Pinkham v. Apple Computer, Inc.,* 699 S.W.2d 387, 390 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.) (affirming summary judgment in favor of employer because record contained no summary judgment evidence that employer exercised control over employee who became intoxicated at company party).

Acknowledging that the rule in *Otis* does not expressly apply to the intoxicated employee, the Edwards nevertheless argue that such a duty should be recognized because injuries to the intoxicated employee are just as foreseeable as injuries to third parties. In response, Silva and Labatt contend that this court should not extend *Otis* beyond the narrow scope intended by the Supreme Court, and that, in any event, such an argument ignores the employee's own role in placing himself in danger from actions he himself could have prevented. Silva and Labatt remind this court that an extension of *Otis* would be at odds with the long-standing rule that individuals are responsible for their own actions:

> As the common law has long recognized, the imbiber maintains the ultimate power and thus the obligation to control his own behavior: to decide to drink or not to drink, to drive or not to drive. We therefore conclude that the common law's focus should remain on the drinker as the person primarily responsible for his own behavior and best able to avoid the foreseeable risks of that behavior.

*Graff v. Beard,* 858 S.W.2d 918, 921–22 (Tex.1993) (rejecting theory of social host liability).

At least three appellate courts have addressed the issue which is now before this court. The Fort Worth Court of Appeals expressly rejected an argument similar to the one advanced by the Edwards in the instant case, noting that *Otis* only created a duty owed by an employer to *innocent third parties* who are injured by the acts of an intoxicated employee. *See Verdeur v. King Hospitality Corp.,* 872 S.W.2d 300, 302 (Tex.App.—Fort Worth 1994, writ denied) (emphasis in original). The Texarkana Court of Appeals implicitly determined, in an admittedly factually distinguishable case, that an employer could be liable to the intoxicated employee under *Otis* in same manner as it is liable to innocent third parties. *See Spruiell v. Schlumberger,* 809 S.W.2d 935, 940 (Tex.App.—Texarkana 1991, no writ) (implicitly extending rule in *Otis* to include risk of harm to intoxicated employee where employer, after providing alcohol at company-sponsored chili cook-off, forced intoxicated employee to leave premises). The Amarillo Court of Appeals rec-

---

2. The Supreme Court has declined to apply *Otis* to a relationship other than that of employer-employee. *See Van Horn v.. Chambers,* 970 S.W.2d 542, 546 (Tex.), *cert. denied,* 525 U.S. 1019, 119 S.Ct. 546, 142 L.Ed.2d 454 (1998).

ognized the *Spruiell* court's extension of *Otis* to the intoxicated employee, but nevertheless determined that such an extension did not benefit the employee in that case because the employee failed to establish the element of control. *See Whitney Corp. v. George Distributors*, 950 S.W.2d 82, 89 (Tex.App.—Amarillo 1997, writ denied). Assuming, without deciding, that *Otis* extends to the incapacitated employee who injuries himself, the Edwards would still be denied recovery in the instant case because there is no evidence of the requisite affirmative act of control. That is, viewing the evidence in the light most favorable to the Edwards, there is no evidence that because of Edwards' intoxication Silva exercised control over Edwards.

The Edwards contend that the issue of control is established by the following facts: Silva invited Edwards to discuss business—a meeting he felt compelled to attend. Silva purchased approximately eight beers for Edwards on the company credit card allegedly "to insure that Edwards became quite intoxicated," and then continued to exercise control over Edwards by depositing him at his vehicle on company property in violation of company policy. According to the Edwards, "one can draw a straight, unbroken line from Silva's initial request that Edwards join him for drinks to the accident." They conclude, therefore, that Silva and Labatt are responsible for Edwards' accident. We disagree.

The record demonstrates that, despite Edwards' proclaimed feeling of obligation to join Silva at the bar, Edwards acted on a social invitation to meet with his boss. The undisputed summary judgment evidence suggests that the men socialized for several hours over many rounds of drinks. Silva's uncontroverted testimony was that the men discussed various topics including family, school experiences, and past work experiences. There is no evidence that Labatt business was discussed. In short, there is no evidence that the meeting was for business purposes.

Next, there is no evidence that Silva coerced or forced Edwards to drink. In fact, the record plainly shows that Edwards drank voluntarily and felt no obligation to drink alcohol. He acknowledged that he could have "nursed one beer the entire evening, but he chose otherwise." Moreover, the Edwards' reliance on the fact that Silva paid for the drinks on the company credit card is no more availing to their argument of control because the type of "control" contemplated by *Otis* involves an individual acting affirmatively in response to another's incapacity. *Cf. Otis Eng'g*, 668 S.W.2d at 311 (ordering drunk employee to leave company premises); *Spruiell*, 809 S.W.2d at 940 (escorting intoxicated employee to vehicle and forcing him to leave company party). Here, the act of payment was not a course of action taken in response to Edwards' intoxication.

■ The Edwards further assert that Silva's act of depositing Edwards at his truck in the company parking lot was a form of control sufficient to impose a duty. The Edwards assert that at the moment Silva deposited Edwards at his truck, Silva breached his duty to Edwards because Silva could have taken Edwards home, called a cab, or ordered Edwards to stay at work until his wife retrieved him. We disagree. The *Otis* court made clear that the duty imposed on the employer was not due to the employer's inactivity, but rather it was due to the employer's affirmative course of action. *Otis Eng'g*, 668 S.W.2d at 309–10. Here, the record contains no evidence that Silva did anything other than return Edwards to his vehicle.

Finally, the Edwards contend that a question of fact regarding Silva's knowledge of the extent of Edwards' intoxication precludes summary judgment. We again disagree. Under *Otis*, even if Silva knew Edwards was drunk, which he denies, a duty would not attach under these circumstances because there was no affirmative action taken by Silva in response to Ed-

wards' intoxication. *See id.* at 309 (stating that duty not imposed because of employer's knowledge of intoxication but rather because employer acted affirmatively); *see also Greater Houston Transp. Co.,* 801 S.W.2d at 525 (*Otis* duty premised on issue of control rather than duty to prevent intoxicated individuals from driving).

In the absence of an affirmative act of control on the part of Silva in response to Edwards' intoxication, Labatt, and therefore Silva,[3] had no duty to Edwards to keep him from harming himself. Accordingly, the judgment of the trial court is affirmed.

---

**3.** At the summary judgment stage, the Edwards proceeded under the theory that Silva was acting in his capacity as a corporate officer at all times. For the first time on appeal they assert that a fact issue regarding the capacity in which Silva was acting exists, thereby precluding summary judgment. Because the Edwards failed to raise this issue in the trial court, it has not been preserved for appellate review. *See Morriss v. Enron Oil & Gas Co.,* 948 S.W.2d 858, 867 (Tex.App.—San Antonio 1997, no writ) (non-movant's failure to raise issue of fact that would defeat summary judgment constitutes waiver of complaint on appeal).

In his capacity as a corporate officer, Silva had no duty separate and apart from Labatt's duty. *See Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex.1996).