# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
September 28, 2010

Lyle W. Cayce
Clerk

No. 10-20222
Summary Calendar

AMANDINE GARCIA, Individually and on the Estate of Jorge Vargas and as Next Friend of MJV and MJV both minors,

Plaintiff-Appellant

v.

UNIT DRILLING COMPANY,

Defendant-Appellee

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-01380

---

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff Amandine Garcia appeals the district court's order (1) denying her motion for leave to amend her complaint, and (2) granting defendant Unit Drilling Company's ("UDC's") motion for judgment on the pleadings. We conclude that the district court properly granted UDC judgment on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pleadings, and that the district court did not abuse its discretion in denying Garcia's motion for leave to amend.

## I. BACKGROUND

Garcia's common-law husband, Jorge Vargas, was killed in a single-car crash on July 15, 2008. Garcia's sparse complaint – just eight sentences of factual allegations – indicates that UDC employed Vargas and "sent him to various job sites in different states." A medical examiner determined that his blood-alcohol content at the time of death was 0.12%, well above the legal limit. Garcia's complaint states:

> [Vargas] should not have been driving. Worse, it is apparent from the early time of the accident as well as its temporal proximity to his leaving the drilling site, that Jorge Vargas has been given alcohol to drink while working, yet sent to drive home alone despite his severe intoxication.

The complaint makes no further factual allegations.

Garcia filed her complaint in state court on March 16, 2009. Several weeks later, UDC filed an answer and removed the case to federal court.[1] The district court issued a pretrial order on August 26, 2009, mandating that all amendments to pleadings be filed no later than December 1, 2009. The pretrial order also called for discovery to be completed no later than April 30, 2010.

On February 12, 2010, UDC filed its motion to dismiss and motion for judgment on the pleadings. On March 5, 2010, Garcia filed her opposition memorandum. She also filed a motion for leave to amend her complaint, three months after the deadline to amend pleadings. Garcia sought to amend to:

> (1) correct the names of the parties to this lawsuit; (2) set forth [her] allegations under the Federal Rules of Civil Procedure; (3) add allegations concerning Oklahoma law; (4) add allegations concerning

---

[1] The original complaint listed two additional defendants that were later terminated from the lawsuit pursuant to a joint stipulation.

defendant's knowledge of decedent's intoxication; and (5) add allegations concerning the degree of control exercised by defendant over decedent.

The district court denied Garcia's motion for leave to amend and granted UDC's motion for judgment on the pleadings.

## II.  DISCUSSION

"We review *de novo* motions to dismiss and motions for judgment on the pleadings.  The standard is the same for both.  Viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face.  Moreover, the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief about the speculative level." *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (internal citations and quotations omitted).

"We review for abuse of discretion the district court's denial of leave to amend."  *S&W Enters. v. Southtrust Bank of Ala.*, 315 F. 3d 533, 535 (5th Cir. 2003).

### A.    Motion for Judgment on the Pleadings

We review first the district court's order granting UDC judgment on the pleadings.  The district court concluded that Garcia's sparse complaint failed to lay out the elements of her claims, much less facts that would make her claims plausible.  We agree.

Under Texas law, Garcia's claims of negligence and gross negligence require proof that Vargas's employer exercised control over Vargas and that the employer failed to act in a reasonably prudent manner "to prevent the employee from causing an unreasonable risk of harm to others." *Otis Eng'g Corp. v. Clark*,

668 S.W.2d 307, 310 (Tex. 1983). Garcia's complaint plainly fails to allege that Vargas's employer exercised control over Vargas while Vargas was drinking. Moreover, if Vargas's employer carried any duty, it would be to prevent Vargas from causing an unreasonable risk of harm to others. *See id.* As the district court noted, Texas courts have refused to extend the *Otis* duty to preventing incapacitated persons from harming themselves. *See Verdeur v. King Hospitality Corp.*, 872 S.W.2d 300, 302 (Tex. Ct. App. 1994) ("[*Otis*] does not create a duty which requires an employer to protect an intoxicated employee from injuring herself.").

Likewise, Garcia's claims under the Texas Dram Shop Act, TEX. ALCO. BEV. CODE ANN. § 2.02 (West 2007), similarly fail to allege that Vargas's employer was a provider of alcoholic beverages within the meaning of § 2.02.

### B.    Motion for Leave to Amend

We next review the district court's denial of Garcia's motion for leave to amend. As a general matter, courts should grant leave to amend pleadings "freely . . . when justice so requires." FED. R. CIV. P. 15(a). Normally, "leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009).

However, when a pretrial scheduling order's deadline to amend has expired, as was the case here, amendments are governed by the more strict Rule 16 standard rather than the liberal Rule 15 standard. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F. 3d 533, 536 (5th Cir. 2003). Under Rule 16, late amendments may be accepted "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). In the Fifth Circuit, "the good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite

the diligence of the party needing the extension." *Id*. at 535 (citation and quotation marks omitted).

> We have articulated four factors relevant to determining good cause:
>
> (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.

*Sw. Bell Tel. Co. v. City of El Paso*, 346 F. 3d 541, 546-47 (5th Cir. 2003).

At no time has Garcia offered an explanation for her nearly year-long delay in amending her pleadings, nor has she proffered an excuse for missing the December 1, 2009 amendment deadline. Further, the district court found that even if Garcia were allowed to amend her complaint in the five ways she described, the outcome would be no different: "None of these proposed amendments change the Court's determination that Garcia's claims against Unit Drilling fail as a matter of law."

Allowing Garcia to add Oklahoma law claims would require UDC to respond to additional discovery. As the district court noted, "[i]n the face of an impending discovery-close date and dispositive-motion cut-off date, requiring Unit Drilling to defend against new factual allegations would be unfair and prejudicial."

Finally, UDC's motion for judgment on the pleadings hardly came as a surprise to Garcia. UDC raised these deficiencies as an affirmative defense on May 6, 2009: "Plaintiffs' Original Petition fails to state a cause of action upon which relief may be granted for negligence and gross negligence against Defendants for violation of the Texas Dram Shop Act." Thus, Garcia was on notice seven months before the amendment deadline that UDC believed her complaint to be deficient. Garcia had ample time to amend, and such amendments would have been allowed almost as a matter of course if done before December 1, 2009.

No. 10-20222

While some district courts might have reached a different conclusion on the belated motion for leave to amend, we review only for abuse of discretion, and we find none. Garcia has failed to show that she could not meet the court's deadline "despite [her] diligence," *S&W Enters.,* 315 F. 3d at 535. We see no compelling reason to overturn the "sound discretion of the district court" in this instance. *Nance,* 817 F.2d at 1180. The judgment of the district court is **AFFIRMED.**