**Opinion filed January 30, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00019-CV

_____

## MARIA ANTONIA CASTILLO HERRERA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF FELIPE F. OVIEDO CASTILLO, Appellant

### V.

## CWJ FORKLIFT SERVICE, LLC; CODY WAYNE JAMES; AND TERESA JEAN JAMES, Appellees

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-23-09-0987-CV-A**

### O P I N I O N

This is an appeal from a Rule 91a dismissal. *See* TEX. R. CIV. P. 91a. The trial court determined that the plaintiff failed to plead a viable cause of action against an employer for the off-duty conduct of its intoxicated employee. *See id*.

As a general rule, Texas courts have declined to recognize that a provider of alcohol owes a common-law duty of care to third parties. *Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993). This is true even when an employer provides alcohol to its employee. *Pinkham v. Apple Comput., Inc.*, 699 S.W.2d 387, 387, 390 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.). However, in *Otis Engineering Corporation v. Clark*, 668 S.W.2d 307, 311 (Tex. 1983), the Texas Supreme Court held that an employer is responsible for the conduct of an intoxicated employee who is off duty if the employer is negligent when it affirmatively exercises control over the employee. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 526 (Tex. 1990) (citing *Otis*, 668 S.W.2d at 309–11). This appeal presents the question of whether an employer is negligent in exercising control over its employee when a supervisor instructs an intoxicated employee that he should *not* drive.

In her pleadings before the trial court, Appellant, Maria Antonia Castillo Herrera, alleged that Appellees, CWJ Forklift Service, LLC, Cody Wayne James, and Teresa Jean James (the CWJ defendants), knew that Jesse Vasquez, their employee, was intoxicated while at a work party, and that Teresa told him that he should not drive. Herrera further alleged that the CWJ defendants ultimately allowed Vasquez to drive away, resulting in a fatal collision. The trial court dismissed the case pursuant to Rule 91a, thereby concluding that Herrera's factual allegations failed to support a cause of action.

We affirm the trial court's order of dismissal and conclude that Herrera has failed to allege a cause of action under the standard enunciated in *Otis*.

*Factual and Procedural Background*

On February 8, 2023, Felipe F. Oviedo Castillo was killed as a result of a motor vehicle accident in which he was ejected from a vehicle driven by Vasquez. Herrera, Castillo's surviving mother, alleged that, at the time of the incident,

Vasquez was intoxicated, and that the accident occurred because Vasquez was "driving at a rate of speed that was greater than was reasonable and prudent under the circumstances." Following the accident, Herrera brought suit against Vasquez and the CWJ defendants. In her lawsuit, Herrera alleged that Vasquez was employed by "one, two, and/or all the defendants" and that Cody and Teresa are "members, owners and employees" of CWJ.

She further alleged that the accident was caused, among other things, by the CWJ defendants' failure to prevent Vasquez from driving away from the party while intoxicated. Herrera's lawsuit asserted causes of action against the CWJ defendants for negligence, gross negligence, wrongful death, and survival, and alleged that CWJ was vicariously liable for the conduct of Cody and Teresa.

The CWJ defendants answered and filed a motion to dismiss pursuant to Rule 91a.[1] TEX. R. CIV. P. 91a. Following a hearing, the trial court granted the motion to dismiss and severed the claims against the CWJ defendants. Thereafter, Herrera filed this appeal.

### Rule 91a

In her first issue, Herrera asserts that the trial court erred when it ordered dismissal under Rule 91a.

Rule 91a provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. Under this rule,

---

[1]Rule 91a states that a motion to dismiss must "identify each cause of action to which it is addressed." TEX. R. CIV. P. 91a.2. The CWJ defendants did not explicitly indicate that they were seeking dismissal of the wrongful death and survival claims in their motion to dismiss. However, they requested dismissal of "all theories of negligence/negligence *per se*, gross negligence and vicarious liability." Because Herrera's wrongful death and survival claims are based on her claims that the CWJ defendants were negligent, the motion adequately identifies those claims. *See Carrera v. Yañez*, 491 S.W.3d 90, 96 (Tex. App.—San Antonio 2016, no pet.) ("We conclude that in granting summary judgment on the appellants' negligence and negligence per se claims, the trial court necessarily also granted summary judgment on the wrongful death and survival claims because [the appellee's] alleged negligence and negligence per se constituted the wrongful acts the appellants alleged in their wrongful death and survival claims.").

"[a] cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Furthermore, "[a] motion to dismiss must . . . identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law." TEX. R. CIV. P. 91a.2.

Because the availability of a remedy under the facts that are alleged in a pleading is a question of law, we review the merits of a Rule 91a motion to dismiss de novo. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). To determine if a Rule 91a dismissal was warranted, we look solely to the pleadings. TEX. R. CIV. P. 91a.6; *Sanchez*, 494 S.W.3d at 724. Further, we "construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings." *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).

A. *Did the Pleadings State a Cause of Action Against the CWJ Defendants?*

In her pleadings, Herrera asserted that the party in question occurred "on the employers' premises," and that "tequila, whiskey, and beer [were] served to and consumed by [Vasquez]." She further asserted that Vasquez became incapacitated due to his intoxication and that, at one point, Teresa "told . . . Vasquez not to leave the work party because she thought it was not safe for him to drive due to his incapacity." Herrera alleged that, as a result of these circumstances, the CWJ defendants "breached their duty to take action to prevent [Vasquez] from leaving the work party."

In their motion to dismiss, the CWJ defendants argued that the facts alleged in Herrera's petition did not give rise to any valid cause of action. Specifically, the

4

CWJ defendants argued that they did not owe a duty of care to Herrera because they were acting as social hosts.

B. *Employer's Liability for Employee's Off-Duty Conduct*

"Under Texas law, in the absence of a relationship between the parties giving rise to the right of control, one person is under no legal duty to control the conduct of another." *Graff*, 858 S.W.2d at 920. "The employer-employee relationship can give rise to this kind of duty. But it is a narrow duty." *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006) (citing *Phillips*, 801 S.W.2d at 525). Ordinarily, an "employer is liable only for the off-duty torts of his employees which are committed on the employer's premises or with the employer's chattels." *Id.* (quoting *Otis*, 668 S.W.2d at 309). Such circumstances are not present in this case. As set out below, *Otis* provides a narrow exception to the rule restricting employer liability to torts committed on the employer's premises or with the employer's chattels.

C. *The Otis Standard*

As a general rule, a provider of alcohol does not owe a common-law duty of care to third parties, with "the rationale being that the consumption of alcohol, rather than the provision of it, proximately caused the injury." *Graff*, 858 S.W.2d at 919 (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 309 (Tex. 1987)).[2] Thus, a host who provides alcohol at a social event is not responsible to third parties for any injuries that are caused by an individual who becomes intoxicated at the event. *Id.*

---

[2]A notable exception to this rule involves commercial providers of alcohol under the "Dram Shop Act." *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). Under the Texas Alcoholic Beverages Code, a commercial provider of alcohol may be liable to third parties for its failure to take action if, among other things, "at the time the provision [of alcohol] occurred[,] it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others." TEX. ALCO. BEV. CODE ANN. § 2.02(b)(1) (West 2020).

at 921–22. This rule applies even when the event is hosted by the employer of the intoxicated tortfeasor. *See Pinkham*, 699 S.W.2d at 390 (refusing to impose liability on an employer for providing beer to an employee at a company cook-off).

Herrera's claims center on the standard of care for employers enunciated by the Texas Supreme Court in *Otis*. In that case, an intoxicated employee who was driving his own vehicle struck and killed two people after he was sent home early from his shift. *Otis*, 668 S.W.2d at 308. The evidence indicated that the employee had a history of drinking on the job and that the employee was intoxicated on the night of the incident, slurring his words and "bobbing on his stool," placing him at risk of falling into dangerous machinery. *Id.* After deciding that the employee was too intoxicated to work with machinery, the employee's supervisor suggested that he go home and escorted him to the parking lot. *Id.*

The plaintiffs in *Otis* alleged that, instead of forcing the employee to leave the premises while intoxicated, the employer could and should have taken any number of other actions, such as sending the employee to the nurse's station, contacting the police, or contacting the employee's spouse. *Id.* at 308–09.

Following an extensive discussion of various policy considerations, as well as the approaches that other jurisdictions have taken in addressing similar issues, the court articulated the following standard of duty: "when, because of an employee's incapacity, an employer exercises control over the employee, the employer has a duty to take such action as a reasonably prudent employer under the same or similar circumstances would take to prevent the employee from causing an unreasonable risk of harm to others." *Id.* at 310–11.

The *Otis* standard includes at least four elements.

First, the employer must have actual knowledge that the employee is impaired when leaving work on the day of the accident. *Nabors Drilling, U.S.A., Inc. v.*

6

*Escoto*, 288 S.W.3d 401, 406 (Tex. 2009) (citing *Otis*, 668 S.W.2d at 308, 311); s*ee, e.g.*, *Estate of Catlin v. Gen. Motors Corp.*, 936 S.W.2d 447, 451 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Moore v. Times Herald Printing Co.*, 762 S.W.2d 933, 935 (Tex. App.—Dallas 1988, no writ) ("In the present case there is no evidence of knowledge of incapacity."); *see also Hall v. Domino's Pizza, Inc.*, 410 S.W.3d 925, 929 (Tex. App.—El Paso 2013, pet. denied) ("[T]here is no evidence in this case that Appellees were aware of [the employee's] alleged 'incapacity.'").

Second, the employer must exercise control over the incapacitated employee. *Ianni*, 210 S.W.3d at 597 (citing *Otis*, 668 S.W.2d at 309, 311); *Pinkham*, 699 S.W.2d at 390 (affirming summary judgment in favor of employer based on lack of evidence of control, even though the employee "drank beer and tequila, smoked a marihuana cigarette"). Mere knowledge of the employee's intoxicated condition, while necessary to satisfy the standard, is not sufficient. *See Estate of Catlin*, 936 S.W.2d at 451 ("The duty imposed upon the employer in *Otis* was not imposed 'because of the mere knowledge of the intoxication.'") (quoting *Phillips*, 801 S.W.2d at 526).

Third, the employer's exercise of control must also be an act of negligence. *See Phillips*, 801 S.W.2d at 526 (indicating that *Otis* imposed a duty arising out of "the employer's *negligent exercise of control* over the employee"); *Graff*, 858 S.W.2d at 920 (same); *Duge v. Union Pac. R.R. Co.*, 71 S.W.3d 358, 362 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied) ("Liability was imposed in *Otis* 'because of the employer's *negligent exercise of control over the employee*.'") (quoting *Phillips*, 801 S.W.2d at 526); *Waterhouse v. Fields*, No. 01-97-00901-CV, 1998 WL 385404, at *3 (Tex. App.—Houston [1st Dist.] July 9, 1998, no pet.) (not designated for publication) ("The supreme court imposed the duty on the employer because of the employer's negligent exercise of control over the employee after

becoming aware of the employee's incapacity."). In other words, the employer's duty is "to avoid any affirmative act which might worsen the situation." *Ianni*, 210 S.W.3d at 597 (quoting *Otis*, 668 S.W.2d at 309); *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 291 (Tex. 1996) ("We have recognized that in some circumstances, at least, a person is under a duty to avoid such an affirmative act that may actually worsen a situation.") (citing *Otis*, 668 S.W.2d at 309). As such, an employer that *exercises control* by instructing an intoxicated employee to drive on a public roadway can be held responsible for any resulting injuries to others. *See Spruiell v. Schlumberger Ltd.*, 809 S.W.2d 935, 939 (Tex. App.—Texarkana 1991, no writ) (Summary judgment evidence indicated that the employee "was actually placed in [a] truck by a [fellow] employee and a . . . security guard, and [told] that he 'would get in trouble with' his employer" if he did not comply.).

Finally, the employer's efforts to control the employee must be an *affirmative* act. *Escoto*, 288 S.W.3d at 407 ("[T]he employer must *affirmatively* exercise control over the incapacitated employee.") (citing *Ianni*, 210 S.W.3d at 597); s*ee Pinkham*, 699 S.W.2d at 390 (requiring evidence of an affirmative action to control the employee); *Moore*, 762 S.W.2d at 934; *see also Williams v. Sun Valley Hosp.*, 723 S.W.2d 783, 787 (Tex. App.—El Paso 1987, writ ref'd n.r.e.) (commenting on the *Otis* standard in the context of a claim against a hospital for injuries caused by a patient). Thus, for example, an employer's failure to enforce its own policies regarding the consumption of alcohol on its premises is insufficient to establish the element of control over the employee, since the creation of a policy is not an affirmative act of control. *Estate of Catlin*, 936 S.W.2d at 451.

D. *Herrera Failed to Allege an Affirmative Act of Negligent Control*

In this case, Herrera alleged that Teresa made statements at the party that reflected her belief that Vasquez was intoxicated, and it was unsafe for him to drive. As such, Herrera's pleadings allege facts that would support the CWJ defendants' knowledge that Vasquez was intoxicated to the point of incapacity. *See Koenig*, 497 S.W.3d at 599.

In her brief, Herrera asserts that her pleading also alleges an affirmative act of control because it states that Teresa stated to Vasquez that he should not drive home. However, such a statement does not constitute a negligent and affirmative act of control under *Otis*.

Initially, we note that Herrera's pleading does not indicate whether attendance at the work party was mandatory, nor whether Teresa was providing instructions in her capacity as a supervisor at the time she made the statement at issue. If Teresa had no basis for compelling Vasquez to remain as a result of his employment obligations, then the relationship between Vasquez and Teresa was no different than that of a social host and guest. *See, e.g.*, *Graff*, 858 S.W.2d 921–22. Nevertheless, for purposes of our review, and in an attempt to construe Herrera's pleadings liberally, we will assume that Teresa's statement to Vasquez constituted an attempt to control his conduct based on the employer-employee relationship. *Koenig*, 497 S.W.3d at 599.

However, in pleading that Teresa told Vasquez that he should *not* drive, Herrera has failed to allege a *negligent* act of control. *See Phillips*, 801 S.W.2d at 526. Teresa's alleged statement to Vasquez is the *opposite* of the statements that were made to the employees in *Otis* and *Spruiell*. *See Otis*, 668 S.W.2d at 308 (A supervisor suggested to the employee that he should drive home.); *Spruiell*, 809 S.W.2d at 939 (The employee was told he would "get in trouble" if he didn't leave

9

the premises.).  Rather than "worsen[ing] the situation," *Ianni*, 210 S.W.3d at 597, Teresa's statement was calculated to *reduce* the risk of an accident or harm to others. Accordingly, by alleging that Teresa instructed Vasquez that he should not drive, Herrera did not allege a sufficient basis to support a claim that Teresa's control was negligent.

We likewise conclude that any control that Teresa may have been exercising in making such a statement was not an *affirmative* act.  *See Pinkham*, 699 S.W.2d at 390.  For example, Herrera did not allege that Teresa instructed Vasquez to drink, drive, or engage in any other conduct that might put him or others at risk of injury. Instead, Herrera only alleged that Teresa merely indicated that he should refrain from certain conduct.  Such a statement does not rise to the level of an affirmative act under the standards that were articulated in *Otis* and its progeny.

## Conclusion

Because we have concluded that Herrera's petition fails to allege a negligent and affirmative act of control under the standard enunciated in *Otis*, we overrule Herrera's first issue.  As a result, we do not reach the CWJ defendant's argument that the pleadings fail to allege that Castillo was an "innocent third party."[3]  TEX. R. APP. P. 47.1; *see Verdeur v. King Hosp. Corp.*, 872 S.W.2d 300, 302 (Tex. App.— Fort Worth 1994, writ denied) ("*Otis* only creates a duty owed by an employer to innocent third parties who are injured by the acts of an intoxicated employee.") (Emphasis omitted).  Additionally, and for the same reason, we need not and do not address Herrera's second issue, which maintains that the case should be remanded to the trial court for consideration of her claim for attorneys' fees.  *See* TEX. R. CIV. P. 91a.7 ("[T]he court may award the prevailing party on [a Rule 91a] motion

---

[3]On appeal, CWJ asserts that a passenger in a vehicle operated by an intoxicated driver is not an innocent third party.  Because we do not reach CWJ's argument, we express no opinion on whether Castillo was an innocent third party.

10

all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action.").

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


January 30, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.